IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ANTIONE DEWAN COOK,** | CASE NO. 5:25 CV 1488 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **DOUGLAS FENDER,** | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

Petitioner Antione Dewan Cook filed this *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1).

Cook is currently being held in the Northeast Ohio Correctional Center, awaiting sentencing in this District Court for his June 4, 2025, conviction on charges of Possession with Intent to Distribute Methamphetamine, Possession with Intent to Distribute Cocaine, and Felon in Possession of Ammunition. *See United States v. Cook*, No. 5:24-cr-00347 (N.D. Ohio). Cook alludes to being on parole at the time of his arrest on the federal charges. *See* Doc. 1, at 5. It is unclear from the Petition which conviction Cook is challenging. He provided the federal conviction case number and then crossed it out. *See id.* at 1. He did not, however, provide another case number or indicate which court entered the judgment he purports to challenge. This Court was unable to locate any court record for a conviction for which Cook was serving post release control. He initially entered his date of conviction as June 4, 2025 (the date of his federal conviction), and then also crossed that out and wrote "July 16, 2024." *Id.* at 1. He indicates his sentence was 169 days. *Id.* The Court was also unable to locate any court record that shows a

parole revocation hearing held on July 16, 2024. When asked to identify the charges of which he was convicted, he provided the three federal charges for which he was convicted in June 2025. *Id.*

To make matters more perplexing, Cook's three asserted grounds for relief challenge the searches which led to discovery of the drug evidence used to convict him in federal court. *See id.* at 5-8. He contends parole officers claimed that they received his cell phone from his girlfriend, but that the Summit County Sheriff's Office actually seized the phone prior to his arrest. *Id.* at 5. He also claims the search was illegal because the Bureau of Alcohol, Tobacco, and Firearms ("ATF") consent form was signed by a task force officer and not a federal Special Agent. *Id.* at 8. He indicates he did not appeal any of these claims because he did not know he could appeal a parole violation. *Id.* at 6, 7, 9, 12.

Regardless of the conviction Cook is challenging, this Petition must be dismissed. First, if he is challenging a parole revocation decision made by a state court, he must identify the state court and provide a case number so this Court and the Respondent can identify which judgment is in question. Additionally, Cook must exhaust his state court remedies with respect to his parole revocation. The exhaustion requirement is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-46 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Cook states he did not exhaust his state court remedies. *See* Doc. 1. Because he provides no information about the conviction or parole determination he is challenging, it is unclear whether he has a remedy left in state court. Without more information, his Court cannot conclude that a return to state court to fulfill the exhaustion requirement would be futile.

Second, if Cook is challenging his recent federal conviction, this Petition must be dismissed. Relief under § 2254 is available only to challenge a state court conviction. A federal conviction can only be challenged in a Motion to Vacate under 28 U.S.C. § 2255. Second, habeas relief under § 2255 is premature, as Cook has not been sentenced yet. His sentencing is set for September 22, 2025.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases; and it is

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: September 12, 2025